**Robert B. GILLAM, Plaintiff,**

v.

**Michael BARTON, Commissioner, Alaska Department of Transportation and Public Facilities, in his official capacity, Defendant.**

No. A04–0182 CV (RRB).

United States District Court, D. Alaska.

Jan. 25, 2005.

***ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS***

BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court is Defendant Michael Barton with a Motion to Dismiss Complaint for Injunctive and Declaratory Relief (Docket Nos. 5 & 7). Defendant contends the Court should dismiss this action because Plaintiff Robert B. Gillam lacks standing.[1] Plaintiff opposes and argues he maintains the requisite standing necessary to bring this action and, even if he didn't, he "should be allowed to replead by amended complaint."[2] The Court disagrees. Having fully considered the matter, in conjunction with applicable case law, the Court concludes Plaintiff lacks standing. As a result, Defendant's Motion to Dismiss Complaint for Injunctive and Declaratory Relief (Docket Nos. 5 & 7) is hereby **GRANTED**.[3]

## II. FACTS

This case involves the decision by the Alaska Department of Transportation and Public Facilities to construct a roadway and bridge between the communities of Iliamna and Nondalton in Southwest Alaska.[4] In 2002, Plaintiff filed a civil action in the Superior Court for the State of Alaska, seeking to enjoin the construction of the road.[5] Plaintiff owns a non-commercial lodge/second home at Keyes Point on Lake Clark in Lake Clark National Park and Preserve, located northeast of Nondalton. On January 5, 2004, the superior court granted a preliminary injunction halting further construction activity "until the

---

1. Clerk's Docket No. 5 at 3.

2. Clerk's Docket No. 9 at 18.

3. The Court cannot envision a scenario by which this matter could be re-pled to resolve the standing issue.

4. Clerk's Docket No. 5 at 1.

5. *Id.* at 2.

economic costs of the project are considered in the next revision to the Southwest Regional Transportation Plan as required by AS 44.42.050, or until further order of this court." [6]

Notwithstanding, Plaintiff has filed the present action, wherein he seeks declaratory and injunctive relief for alleged violations of his civil rights under a number of claims related to planing decisions of the Alaska Department of Transportation and Public Facilities.[7]

## III. STANDARD OF REVIEW

A Rule 12(b)(1) motion may raise a facial or factual challenge to the court's subject matter jurisdiction.[8] A facial challenge is directed at the legal sufficiency of a claim.[9] The burden of proof is on the party asserting jurisdiction.[10] When assessing a Rule 12(b)(1) facial challenge to the court's subject matter jurisdiction, the non-moving party receives the same protections as those under a Rule 12(b)(6) motion, and the court applies a standard comparable to that used for Rule 12(b)(6) motions.[11] The court will accept the non-moving party's allegations as true, construing them most favorably to the non-moving party, and will not look beyond the face of the complaint to determine jurisdiction.[12] The court will not dismiss a claim under 12(b)(1) unless it appears without any merit.[13]

## IV. DISCUSSION

Before addressing the sufficiency of Plaintiff's individual claims, the Court must first consider whether Plaintiff maintains the requisite standing necessary to raise them.

 "In order to establish standing, a private plaintiff must establish three things." [14]

A claimant meeting Article III standing requirements must show that "(1) it has suffered an 'injury in fact' ...; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." [15]

Close examination of the "injury-in-fact" prong reveals "[s]tanding requires an injury that is 'actual or imminent, not "conjectural or hypothetical." ' " [16] Indeed, the injury must be "unique" to the Plaintiff. As held in *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), "[a] plaintiff must show that the alleged injury is 'peculiar to himself or a distinct group of which he is a part, rather than one "shared in substantially equal measure by all or a large class of citizens." ' "

---

**6.** *Id.* at 2–3 (citation omitted).

**7.** *Id.* at 3. In particular, Plaintiff claims "[t]he Iliamna–Nondalton road and bridge will irreparably harm [his] use and enjoyment of the area and the character of the area which attracted [him] to it." Clerk's Docket No. 9, Affidavit of Plaintiff at 2.

**8.** 2 James W. Moore, *Moore's Federal Practice,* § 12.30[4] at 12–38 (3d ed. 1977) ("Moore").

**9.** *Id.*

**10.** 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1340, at 226 (2d ed.1990).

**11.** *Moore, supra,* § 12.30[4] at 12–38 n. 12.

**12.** *Moore,* § 12.30[4] at 12–38—12–39.

**13.** *Moore,* § 12.30[4] at 12–38 n.12.

**14.** Clerk's Docket No. 5 at 7.

**15.** *Environmental Defense Center, Inc. v. U.S. E.P.A.,* 344 F.3d 832, 863 (9th Cir.2003) (*quoting Friends of the Earth v. Laidlaw Envtl. Servs. (TOC),* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)).

**16.** *Id.* (*quoting Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

In the present case, Defendant argues Plaintiff lacks standing because he alleges no personal, distinct injury to his legally protected interests.[17] Defendant further contends Plaintiff does not allege facts that show any causal relationship between the actions of the Defendant and violation of a legally-protected right that has, or will, cause injury to him that is personal in nature.[18] And,

> Even assuming ... [D]efendant has acted in some manner that may result in "disparate treatment" or "disparate impacts" or somehow violates federally-protected rights of some group, ... [Defendant contends P]laintiff has failed to show how his personal interests were violated by those acts.[19]

Defendant is correct.

While the construction of a roadway and bridge between the communities of Iliamna and Nondalton *may* adversely impact Plaintiff's use and enjoyment of his property and the surrounding public lands, the Court concludes that impact does *not* flow from the *alleged* constitutional or federal statutory infirmities with the regulations.[20] More to the point, Plaintiff's claims fail to allege facts necessary to support a finding that he is suffering an injury-in-fact that is peculiar to himself or a distinct group of which he is a part, rather than one shared in substantially equal measure by *all* or a *large class* of citizens.[21] And even if he were to allege such facts, he has failed to show how a declaration and injunction by the Court would remedy his alleged injuries.[22] Indeed, short of an order requiring the elimination of all funding for remote road projects, roads like the Iliamna–Nondalton project would likely continue to be built.[23] Consequently, the Court concludes Plaintiff lacks the requisite standing necessary to bring the instant matter.[24]

## V. CONCLUSION

For reasons more carefully articulated herein, Defendant's Motion to Dismiss Complaint for Injunctive and Declaratory Relief (Docket Nos. 5 & 7) is hereby **GRANTED**. Any and all remaining motions are **DENIED** as moot.

---

17. Clerk's Docket No. 5 at 8.

18. *Id.*

19. *Id.*

20. Clerk's Docket No. 12 at 5 (emphasis added).

21. *Id.* at 6. Sympathetic to Plaintiff's situation, the Court recognizes that progress, especially in some of the most pristine areas of our nation, is not often welcomed by all those who stand in its wake. However, such feelings do not frequently, as in this case, establish the "injury-in-fact" necessary to prove standing.

22. *Id.*

23. *Id.* at 7.

24. Inasmuch as Plaintiff lacks standing, the Court does not address the merits of the matter before it, nor does it address whether Plaintiff's claims based upon "disparate treatment" or "disparate impact" have been rendered moot by the decision(s) of the Superior Court for the State of Alaska in *Alaska State Council of Trout Unlimited, Robert B. Gillam v. State of Alaska, Alaska Department of Transportation and Public Facilities*, Case No. 3AN–02–09363 Civ.